**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TELVON TAYLOR                    *

Plaintiff                            *

v                                  *        Civil Action No. WMN-16-885

JUDGE KAREN H. ABRAMS,        *
JUDGE WOODWARD,
JUDGE MATRICCIANI,           *
JUDGE CHARLES E. MOYLAN, JR.,
JUDGE PETER B. KRAUSER,       *
THEODORE P. WEINER,
MARY ANN INCE, and           *
JOHN L. ERLY
                                *

Defendants

*** 

**MEMORANDUM**

The above-entitled action was filed, together with a Motion to Proceed in Forma Pauperis, on March 24, 2016. Because he appears indigent, Plaintiff's motion shall be granted. For the reasons stated below, the Complaint must be dismissed.

The named Defendants are Maryland State Circuit and Appellate Court judges, the Maryland State's Attorneys who prosecuted Plaintiff's criminal case; and Plaintiff's defense counsel. The crux of Plaintiff's claim is that a Petition for Writ of Error Coram Nobis challenging a criminal conviction from the Circuit Court for Saint Mary's County, was improperly denied and was based in part on the perjured testimony of his criminal defense attorney, John Erly. Judge Karen H. Abrams presided over the September 16, 2009 hearing concerning Plaintiff's petition and issued a decision denying relief. ECF 1 at 3-7. Judges Woodward, Maricciani, and Moylan are the three judges who rendered a decision on Plaintiff's appeal to the Maryland Court of Special Appeals affirming the decision to deny relief. *Id.* at 7-

19.  Judge Peter B. Krauser denied several motions Plaintiff filed with the Court of Special

Appeals, allegedly for the purpose of protecting Judge Abrams, and did not issue a decision

addressing the specific claims raised in those motions.  *Id.* at 19-21.  Defendants Thomas P.

Weiner and Mary Ann Ince were the State's Attorneys representing the state during Plaintiff's

coram nobis proceedings and are alleged to have failed to correct perjured testimony offered by

Plaintiff's former trial counsel, John L. Erly.  *Id.* at 21-24.  As relief, Plaintiff seeks unspecified

injunctive and declaratory relief.  *Id.* at 28.

All of the judges named in the complaint as Defendants are entitled to absolute immunity

for the actions taken in their roles as judges.  *See Forrester v. White*, 484 U.S. 219, 226-27

(1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of

suits, most of them frivolous but vexatious, would provide powerful incentives for judges to

avoid rendering decisions likely to provoke such suits.").  The complaint as to Judges Abrams,

Woodward, Matricciani, Moylan, and Krauser shall be dismissed.

The State's Attorneys are also immune from suit regarding the conduct described in the

Complaint.  Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity

when performing prosecutorial, as opposed to investigative or administrative functions.  *See*

*Imbler v. Pachtman*, 424 U.S. 409 (1976).  Absolute immunity is designed to protect *judicial*

*process*, thus the inquiry is whether prosecutor's actions are closely associated with judicial

process.  *See Burns v. Reed*, 500 U.S. 478 (1991).  The claims as to Defendants Weiner and Ince

shall be dismissed.

Plaintiff's claim as to John L. Erly, his former trial counsel, fails to state a federal cause

of action as Erly is not a state actor.  Private attorneys do not act under color of state law even if

2

they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). The claim as to Erly shall be dismissed.

To the extent that Plaintiff is attempting to have this Court consider the merits of his Petition for Writ of Error Coram Nobis as it applies to his state conviction, this Court does not have jurisdiction to consider it. Federal courts lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of coram nobis. *See Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis . . . cannot issue under the instant proceeding . . . for the judgments are not in the court which Thomas has petitioned."); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) ("district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts"); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir. 2003) ("coram nobis is not available in a federal court as a means of attack on a state criminal judgment"); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments.").

The Complaint shall be dismissed by separate Order which follows.


___4/15/2016_____                         _____/s/_____
Date                                          William M. Nickerson
                                              Senior United States District Judge